**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CYNTHIA ROBINSON, individually and as**
**the parent and natural guardian of**
**JESSICA ROBINSON, a minor,**

      **Plaintiffs,**

**vs.**                                         **Case No.:3:07-cv-1142-J-16HTS**

**HENRY RAY HANDY, an individual,**
**and THE DEPARTMENT OF VETERANS**
**AFFAIRS,**

      **Defendants.**
_____/

**ORDER**

Before the Court is the United States of America's (the "Government") Motion to Dismiss (the "Motion"). (Dkt. 16). Plaintiffs respond in opposition (the "Response"). (Dkt. 20). For the reasons that follow, the Motion (Dkt. 16) will be **GRANTED**.

**I.**      **Brief Factual and Procedural History**

On October 25, 2004, Plaintiffs were in an automobile accident (the "Accident") with a motor vehicle owned by the Department of Veterans Affairs (the "Department") and operated by Henry Ray Handy ("Mr. Handy"). Specifically, Mr. Handy backed the motor vehicle he was driving into Plaintiffs' car, which allegedly resulted in Plaintiffs sustaining injuries.

Plaintiffs submitted two administrative claims (the "Claims") to the Government for injuries and property damage caused by the Accident. Plaintiff, Cynthia Robinson ("Ms. Robinson") submitted her claim to the Government on or about March 9, 2006. She also submitted a second claim on behalf of her minor daughter, Jessica Robinson, dated March 1, 2006, which was received

by the Department on or about June 26, 2006.  The Government denied the Claims on August 15,

2006 (the "Denial") and informed Plaintiffs that they had six (6) months from the date of the Denial,

or until February 15, 2007 to initiate suit under the Federal Tort Claims Act (the "FTCA").  The

Government based its denial in part upon Ms. Robinson's failure to include pertinent medical

evidence including emergency room and paramedic records, evidence of Ms. Robinson's prior

disabilities, etc. which would support a finding that Plaintiffs' injuries would meet the requirements

of Florida's Motor Vehicle No-Fault Law, Fla. Stat. § 627.737.  (Dkt. 16, Ex. 3 at p. 1).

Plaintiffs filed suit in state court in Florida on August 22, 2007, over one (1) year after the

Denial; Defendant removed it to Federal Court on December 5, 2007.  Prior to filing the Claims, Ms.

Robinson began receiving treatment for her injuries at Monahan Chiropractic Medical Clinics

("Monahan").  In support of her claim, Ms. Robinson attached an "Advanced Medical Narrative"

(the "AMN") from Monahan dated September 16, 2005.   According to the AMN, Ms. Robinson

began treatment for injuries sustained in the Accident on October 29, 2004.  These injuries are a

cervical sprain/strain; cervical disc displacement; lower back pain; lumbar disc displacement;

thoracic sprain/strain; and, thoracic disc displacement.  The AMN also reads that Ms. Robinson

reached maximum medical improvement ("MMI") on September 1, 2005, with the final result being

that she will allegedly have a 12% whole person impairment as a result of injuries sustained in the

Accident.

The Government moves to dismiss for lack of subject matter jurisdiction pursuant to

Fed.R.Civ.P.12(b)(1) claiming that this action is time-barred by the FTCA for failure to timely

commence the instant action within the six-month limitations period following the denial of the

Plaintiffs' administrative claims.  Plaintiffs respond that the claim did not begin to run until

Plaintiffs learned on or about September 1, 2005 that Ms. Robinson sustained permanent injuries as a result of the Accident.  Plaintiffs further claim that because the present action was filed in August 2007, it is within two years of the accrual of Ms. Robinson's claim.

## II.    Standard of Review

Because this Motion to Dismiss is before the Court under Rule 12(b)(1), the Plaintiffs' allegations are not presumed to be true. As the Eleventh Circuit explained, "Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion.'" Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  "Factual attacks" are challenges to the "existence of subject matter jurisdiction in fact . . . and matters outside the pleadings . . .  are considered." Id.

When Defendant has challenged jurisdiction, the burden of proving that this Court has subject matter jurisdiction over this claim remains upon Plaintiff.  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d e.1990). Plaintiff may rebut Defendant's assertion by providing the Court with evidence that jurisdiction is proper and that the claim is not frivolous. Id. In determining whether jurisdiction is proper, the Court must weigh the merits of what is presented by the parties. Id.  The Court is free to review and weigh the evidence presented by both parties that is outside the four corners of the complaint. The Court, having reviewed both the arguments and evidence presented by both parties, determines that this Motion to Dismiss challenges the basis of subject matter jurisdiction and, as such, is a factual challenge.

III.    **Analysis**

Under 28 U.S.C. § 2401(b), it is well-settled that a tort claim against the Government must be presented in writing within two (2) years of accrual, and suit must be filed within six (6) months of the claim's denial or the claim is forever barred. Failure to comply with either of these two requirements is fatal to a plaintiff's claim.

Under the FTCA the Government's liability is determined by state law. See Arcade Water Dist. v. U.S., 940 F.2d 1265 (9th Cir. 1991). In this case, Fla. Stat. § 627.737 is the applicable state statute, which reads in pertinent part that in any action of tort brought against the owner of a motor vehicle a plaintiff may recover only in the event of an injury or disease consisting in whole or in part of, "(a) significant and permanent loss of an important bodily function; (b) permanent injury within a reasonable degree of medical probability . . ."

The date upon which a FTCA claim accrues is determined by federal law. Landreth v. US, 850 F.2d 532, 533 (9th Cir. 1988). An FTCA claim accrues when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered the injury and its cause." Id. In Beech v. U.S., 345 F.2d 872 (5th Cir. 1965), the court held that a personal injury claim asserted under the FTCA accrues immediately upon a plaintiff's knowledge of the fact of some injury. The ultimate extent of damages need not be known before the statute is triggered.

Here, Plaintiffs submitted the Claims within the two-year period as required, but failed to file suit under the FTCA within the six-month period following the Denial. As evidenced by the information contained in the Claims, Ms. Robinson knew of the injuries about which she now complains from the date of the Accident, or at least from October 29, 2004, when she first visited Monahan. The Claims were denied, in part, because Plaintiffs failed to provide enough supporting

4

medical documentation to support their claims of injury under Fla. Stat. § 627.737.  Had Plaintiffs wished to preserve the Claims, they should have filed the medical information available to them (and listed in the Denial) within the six-month period provided and expressly noted in the Denial.

Ms. Robinson's claim that she did not have a diagnosis that her injuries were "permanent" as defined by the September 16, 2005 AMN is not necessarily helpful to her case.  According to the court in Johnson v. Phillips, 345 So.2d 1116 Fla. 2d Dist. Ct. App. 1977), the words "permanent injury" found in Fla. Stat. § 627.737 include "permanent subjective complaints of pain resulting from an initial organic injury."  The specific finding that Ms. Robinson will have a 12% whole person impairment was not a necessity for Plaintiffs' case to go forward - whereas meeting both of the jurisdictional requirements of the FTCA was.

Plaintiffs' citation to U.S. v. Kubrick, 444 U.S. 111 (1979) is also unavailing.  Kubrick involved medical malpractice, and not the simple personal injury case presented here. Medical malpractice cases fall within the very limited class of cases that can equitably toll a federal statute of limitations.  See Jones v. U.S., 2007 WL 4557211 at * 6 (M.D. Fla. Dec. 21, 2007) (providing an excellent discussion of the FTCA, medical malpractice and claims accrual).

Here, Plaintiffs have not provided the Court with any discernable basis in case or statutory law for tolling the statute of limitations or any reasonable excuse why they did not file suit within the six-months allowed.  Plaintiffs failed to meet the jurisdictional requirements of the FTCA and this failure requires the Court to dismiss this case.

**IV.      Conclusion**

For the reasons set forth above, the Motion (Dkt. 16) is **GRANTED**.  The **CLERK** is directed to **CLOSE this CASE**.

**DONE and ORDERED** from Chambers in Jacksonville. Florida on this 11th day of August 2008.

JOHN H. MOORE II
United States District Judge

Copies to:  Counsel or Record